1          UNITED STATES DISTRICT COURT

2             DISTRICT OF CONNECTICUT

3  - - - - - - - - - - - - - - x
                              :
4  UNITED STATES OF AMERICA,   :  Case No.
                              :  19CR64(VAB)
5             Government,      :
        vs.                   :
6                             :
   ANTHONY WHYTE and AMY      :  915 Lafayette Blvd
7  SARCIA,                    :  Bridgeport, CT
                              :  September 28, 2021
8             Defendant.      :
   - - - - - - - - - - - - - - X
9
                TRIAL TRANSCRIPT
10                 (VOLUME XI)

11  BEFORE:  THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.
                                    And jury
12
   APPEARANCES:
13  FOR THE GOVERNMENT:      NATASHA FREISMUTH, ESQ.
                           ANGEL KRULL, ESQ.
14                         U.S. Attorney's Office-NH
                           157 Church St., 25th Floor
15                         New Haven, CT 06510

16  FOR THE DEFENDANT       JONATHAN J. EINHORN, ESQ.
   ANTHONY WHYTE:          Law Office of Jonathan J.
17                         Einhorn
                           129 Whitney Avenue
18                         New Haven, CT 06510

19  FOR THE DEFENDANT       RICHARD R. BROWN, ESQ.
   AMY SARCIA:             Brown,Paindiris and
20                         Scott,LLP
                           100 Pearl Street
21                         Hartford, CT 06103

22

23            Sharon Montini, RMR, FCRR
              Official Court Reporter
24               915 Lafayette Blvd
              Bridgeport, CT 06604

25

 1                    THE COURT:  All right.  Please be

 2     seated.  I have two notes from the jury.  Both are

 3     questions.  The first one -- actually, I'm not sure.

 4     I think they came in together, so I'm not sure they

 5     were separated in terms of time, but I just put them

 6     in this order.

 7                    The first one is "What exhibits have the

 8     drug quantities that were used in the government's

 9     summary."  That is the first.

10                    And the second one is "What exhibit

11     number has the text communication concerning Whyte

12     and General discussing guns?"

13                    Both of these, my intent -- obviously I

14     will have Ms. Perez label them, I guess, 1 and 2.

15                    My intent to deal with both of these,

16     and we'll bring the jury back in, is to let them

17     know the Court is not going to comment on the

18     evidence, just letting them know whatever evidence

19     for them to consider is evidence that they have.

20     I'm not going to point them to anything, direct them

21     to anything, but I think that's all I'm inclined to

22     say.

23                    But let me hear from counsel for the

24     United States.

25                    MS. FREISMUTH:  Just one second, Your

1    Honor.

2              THE COURT:  Sure.

3              MS. FREISMUTH:  Your Honor, we agree

4    with the Court about the second question.  With

5    respect to the first question, we do believe it's

6    appropriate to remind them that there are lab

7    exhibits in the record generally.  Without being

8    specific about which ones, just to remind them that

9    they have those lab reports.  It is a very

10   voluminous record.  They may not realize all of the

11   lab exhibits are in there.

12             THE COURT:  Well, I think we told them

13   what exhibits -- let me hear from --

14             MS. FREISMUTH:  One final thing.  I also

15   think it might be appropriate to remind them that if

16   they want to see the physical drug exhibits they are

17   here available for them.

18             THE COURT:  Well, Mr. Einhorn?

19             MR. EINHORN:  I agree with Your Honor's

20   posture precisely.  I think that's it.  We can't

21   comment on the evidence.  They have the exhibits in

22   there and they'll sort through them as they want or

23   don't want.  I disagree with the government's

24   position.  I don't think you should be telling them

25   that if they want to see the drugs we'll send them

```
 1    in or whatever.  They've already been told that they
 2    can do that if they want.
 3              I don't think we should be pointing them
 4    toward anything at all.  I believe that the correct
 5    answer is as Your Honor posits, they have all the
 6    exhibits.  They have a list of the exhibits, too, I
 7    believe.  So they certainly can go through that.
 8              THE COURT:  All right.  Mr. Brown,
 9    anything you want to add?
10              MR. BROWN:  I join with counsel.
11              THE COURT:  Okay.  All right.
12              MR. BROWN:  Excuse me, Your Honor.  When
13    I say "counsel" --
14              THE COURT:  Mr. Einhorn.
15              MR. BROWN:  Yes, Your Honor.
16              THE COURT:  Okay.  Fair enough.  Yeah, I
17    do think that this is one of those where I think I
18    do want to say that the Court can't -- is not going
19    to comment on the evidence other than that you all
20    have -- you have the evidence you need to decide.
21              MS. FREISMUTH:  Well, just if you are
22    going to say they have the evidence they need to
23    decide --
24              THE COURT:  Well, I'll just say the
25    Court -- I'm going to say this.  The Court is not
```

1   going comment on the evidence.  I think -- yeah, you

2   can follow the instructions that I have given with

3   how you deal with evidence.  All right.  Hang on one

4   second.

5             MS. FREISMUTH:  The problem is the

6   exhibit list isn't specific about the fact it was

7   lab reports.

8             THE COURT:  I'm sorry?

9             MS. FREISMUTH:  We were just looking at

10  the exhibit list.  It doesn't specify lab reports as

11  clearly as one could list them.

12            THE COURT:  I'm not sure.  The problem

13  with that, I'm not even sure that is directly

14  responsive to their question.  So that's why, for

15  me, I think less is more.

16            All right.  I think the safest thing is

17  I'm going to simply say the Court cannot comment on

18  the evidence.  And then I will just -- you know,

19  whatever questions you have, you can use the

20  instructions as a guide, but beyond that I don't

21  think -- anything else?

22            All right.  Ms. Perez, you can bring the

23  jury in.  I assume -- do you want -- I think we do

24  bring the alternates in.  Or do we not bring the

25  alternates in?  I think I don't want -- don't

```
1   normally bring the alternates in.  Don't bring the

2   alternates in?

3            MR. BROWN:  Your Honor, I just wanted to

4   say, I don't even remember a conversation on the

5   record about evidence between the defendant and Mr.

6   General.

7            THE COURT:  I don't either.  I don't

8   either.

9            MR. BROWN:  It was one of the

10  combinations to the locks.

11           THE COURT:  Yeah, I'm not sure.  Like I

12  said, that's also another reason that I think less

13  is more.  Yeah, I don't -- as you all know, I took

14  copious notes during this and -- I guess I have 90

15  some-odd pages of notes, but --

16           MR. EINHORN:  I'm not sure about the

17  question about bringing the alternates in, though.

18           MS. FREISMUTH:  Oh, we are.

19           MR. EINHORN:  They are coming in?

20           MS. FREISMUTH:  No.  If they come in

21  when they have to start deliberations all over

22  again --

23           THE COURT:  I emphasized we're not going

24  to bring the alternates in.

25           MR. EINHORN:  Oh, okay.  Yes.
```

```
 1                    THE COURT:  We're just bringing the jury

 2     in.  Because obviously if we need the alternates,

 3     they need to start afresh and they don't need to be

 4     tainted by anything that happens here.  So I think

 5     we want to keep them pristine.

 6                    MR. EINHORN:  I agree.

 7                    MR. BROWN:  Once is more than enough,

 8     Your Honor.

 9                    THE COURT:  Once is what?

10                    MR. BROWN:  More than enough, Your

11     Honor.

12                    (Jury entered the courtroom.)

13                    THE COURT:  All right.  Everyone please

14     be seated.  Good afternoon.

15                    Actually, let me wait for Ms. Perez.

16                    All right.  I do want to note we did

17     receive two notes from you, the jury.  They came

18     together.  I just labelled them 1 and 2.  So they've

19     just been sort of marked.  The first one was "what

20     exhibits have the drug quantities that were used in

21     the government's summary" and the second question

22     was "what exhibit number has the text communication

23     between Whyte and General discussing guns."

24                    I just want to just let you all know

25     that the Court cannot comment on both your questions
```

1    relating to exhibits or pointing to specific

2    exhibits.   The Court cannot comment on the evidence.

3             So I think that's probably not a

4    satisfactory answer for you all, but that's the

5    answer I have to give you.

6             All right.   Thank you very much.

7             (Jury exited the courtroom.)

8             MR. EINHORN:   Could we get copies of the

9    notes, Your Honor?

10             THE COURT:   Sure.   All right.   I'm going

11    to go away.   Ms. Perez will come back and she'll

12    make you all copies of the notes.

13             There is nothing else anyone needs to

14    take up with me, correct?

15             MS. FREISMUTH:   No, your Honor.

16             THE COURT:   Good.   I'm gone.

17             (Recess.)

18             THE COURT:   All right.   Please be

19    seated.   We have another note from the jury that

20    they have reached a verdict.

21             All right.   Ms. Perez, why don't you go

22    ahead and bring the jury in and bring the alternates

23    in.

24             THE CLERK:   I will bring the alternates

25    first.

```
 1                    THE COURT:  Bring the alternates, that's
 2      fine.
 3                    Yes, Mr. Einhorn?
 4                    MR. EINHORN:  Can I run next door to get
 5      my verdict form?
 6                    THE COURT:  Yeah, go ahead.
 7                    MR. BROWN:  You know, I was thinking the
 8      same thing.  You don't mind, Your Honor?
 9                    THE COURT:  No.  Go ahead.
10                    MS. FREISMUTH:  Your Honor, to be clear,
11      we have an issue we need to discuss with defense
12      counsel before the jury comes in.
13                    THE COURT:  You should have told me
14      before.
15                    MS. FREISMUTH:  It will be quick.
16                    MS. KRULL:  It's just on the forfeiture
17      issue, to make sure it's waived so the jury is not
18      needed for the forfeiture.
19                    THE COURT:  Yeah.  Here's what we'll do.
20      Ms. Perez is getting folks.  What we'll do, I will
21      just do a sidebar.
22                    MS. FREISMUTH:  We just don't want them
23      excused.
24                    THE COURT:  The wheels are in motion.  I
25      think the sidebar is going to be the easiest.
```

 1                    Here they are.  Mr. Einhorn, Mr. Brown,

 2     I think Ms. Freismuth wanted to raise an issue about

 3     the forfeiture.

 4                    MR. EINHORN:  Oh.

 5                    MS. FREISMUTH:  We discussed it.

 6                    MR. EINHORN:  I apologize.  So on the

 7     forfeiture issue, we neglected to talk about it, but

 8     my usual practice is after -- well --

 9                    THE COURT:  Just hold on one second,

10     Jazz.

11                    MR. EINHORN:  If there is a guilty

12     verdict that would lead to a forfeiture, we'll talk

13     about working it out by stipulation.  I'm not -- the

14     forfeiture in this particular case involves -- would

15     involve the weapons.

16                    MS. FREISMUTH:  And money.

17                    MR. EINHORN:  And money.

18                    MS. FREISMUTH:  We either need a waiver

19     or a jury finding.

20                    MR. EINHORN:  If we can't work it out,

21     then we'll end up doing a court --

22                    MS. FREISMUTH:  A waiver is fine.  The

23     default is unless you want the jury to find --

24                    MR. EINHORN:  No, I don't think we want

25     the jury.

1          THE COURT:  The salient thing is you

2     don't want the jury to sort of deal with that issue.

3     One way or another we'll have -- you'll have to deal

4     with it.

5          I don't think there is any issue related

6     to your client.

7          MR. BROWN:  There is none, Your Honor.

8          THE COURT:  All right.  Thank you, sir.

9          You all can be seated.

10          MR. EINHORN:  If Your Honor wants to

11     canvass my client on what we're talking about on the

12     forfeiture issue, we can do that, too.

13          THE COURT:  Okay.

14          MR. EINHORN:  Thank you.

15          (Jury entered the courtroom.)

16          THE COURT:  All right.  Please be

17     seated.  All right.  I have received a note that the

18     jury has reached a verdict; is that correct?  Who is

19     the foreperson?  Please stand.

20          So the jury has reached a verdict?

21          JUROR:  Yes, sir.

22          THE COURT:  And it is a unanimously

23     agreed upon verdict?

24          JUROR:  Yes.

25          THE COURT:  All right.  Would you hand

1   the verdict form to Ms. Perez.  Thank you.

2                   All right. I'm now going to have the

3   verdict form published, that is read aloud by the

4   courtroom deputy.  Ladies and gentlemen of the jury,

5   please pay close attention to the verdict as it's

6   ready aloud.  Following publication, you may be

7   polled and each juror may be asked individually

8   whether the verdict as published constitutes his or

9   her verdict in all respects.

10                  Ms. Perez, whenever you are ready.

11                  THE CLERK:  United States District Court

12  for the District of Connecticut.  United States of

13  America v. Anthony Whyte, Amy Sarcia, Criminal No.

14  3:19CR64(VAB).  Jury Verdict Form.

15                  Count One.  One.  As to the charge in

16  Count One of conspiracy to possess with intent to

17  distribute and to distribute cocaine, heroin and/or

18  fentanyl, we, the jury, unanimously find the

19  defendant Anthony Whyte:  Guilty.

20                  Two.  As to Count One, we, the jury,

21  unanimously find that the following quantity of

22  cocaine reasonably foreseeable to the defendant

23  Anthony Whyte:  A, 5 kilograms or more.

24                  Three.  As to Count One, we, the jury,

25  unanimously find that the following quantity of

heroin reasonably foreseeable to the defendant

Anthony Whyte:  A, 100 grams or more.

Four.  As to Count One, we, the jury,

unanimously find that the following quantity of

fentanyl reasonably foreseeable to the defendant

Anthony Whyte:  A, 40 grams or more.

Five.  As to the charge in Count One of

conspiracy to possess with intent to distribute and

to distribute cocaine and/or heroin, we, the jury,

unanimously find the defendant Amy Sarcia:  Guilty.

Six.  As to Count One, we, the jury,

unanimously find the following quantity of cocaine

reasonable reasonably foreseeable to the defendant

Amy Sarcia:  A, 500 grams or more.

Seven.  As to Count One, we, the jury,

unanimously find that the following quantity of

heroin reasonably foreseeable to the defendant Amy

Sarcia:  A, 100 grams or more.

Count Two.  No. 8.  As to the charge in

Count Two of possession with intent to distribute

and distribution of heroin on October 15, 2018, we,

the jury, unanimously find the defendant Anthony

Whyte:  Guilty.

Count No. 9.  As to the charge in Count

Three of possession with intent to distribute and

1    distribution of heroin on October 30th the 2018, we,

2    the jury, unanimously find the defendant Anthony

3    Whyte:  Guilty.

4              Count Eight.  No. 10.  As to the charge

5    in Count Eight of possession with intent to

6    distribute and distribution of heroin, cocaine

7    and/or fentanyl on February 21st, 2019, we, the

8    jury, unanimously find the defendant Anthony Whyte:

9    Guilty.

10             No. 11.  As to Count Eight, we, the

11   jury, unanimously the find that the following

12   quantity of cocaine is attributable to the defendant

13   Anthony Whyte:  A, 500 grams or more.

14             As to Count Eight, we, the jury,

15   unanimously find the following quantity of heroin is

16   attributable to the defendant Anthony Whyte:  A,

17   100 grams or more.

18             13.  As to Count Eight, we, the jury,

19   unanimously find the following quantity of fentanyl

20   is attributable to the defendant Anthony Whyte:  A,

21   40 grams or more.

22             Count Nine.  No. 14.  As to the offense

23   charged in Count Nine of possession of a firearm in

24   furtherance of a drug trafficking crime, we, the

25   jury, unanimously find the defendant Anthony Whyte:

1    Guilty.

2              Count Thirteen.  No. 15.  As to the

3    offense charged in Count Thirteen of conspiracy to

4    commit money laundering, we, the jury, unanimously

5    find the defendant Anthony Whyte:  Guilty.

6              No. 16, as to the offense charged in

7    Count Thirteen of the conspiracy to commit money

8    laundering, we, the jury, unanimously find the

9    defendant Anthony Whyte did so with the intent to

10   promote the carrying on of a specific unlawful

11   activity, narcotics trafficking:  True.

12             No. 17.  As to the offense charged in

13   Count Thirteen of the conspiracy to commit money

14   laundering, we, the jury, unanimously find the

15   defendant Anthony Whyte did so knowing that the

16   transactions were designed in whole or in part to

17   conceal and disguise the nature, location, source,

18   ownership and control of the proceeds of specified

19   unlawful activity, narcotics trafficking:  True.

20             No. 18.  As to the offense charged in

21   Count Thirteen of conspiracy to commit money

22   laundering, we, the jury, unanimously find the

23   defendant Amy Sarcia:  Guilty.

24             19, as to the offense charged in Count

25   Thirteen of the conspiracy to commit money

1    laundering, we, the jury, unanimously find the

2    defendant Amy Sarcia did so with intent to promote

3    the carrying on of a specified unlawful activity,

4    narcotics trafficking:  True.

5              No. 20, as to the offense charged in

6    Count Thirteen of the conspiracy to commit money

7    laundering, we, the jury, unanimously find the

8    defendant Amy Sarcia did so knowing that the

9    transactions were designed in whole or in part to

10   conceal and disguise the nature, location, source,

11   ownership, and control of the proceeds of specified

12   unlawful activity, narcotics trafficking:  True.

13             Signed and dated by the foreperson

14   September 28, 2021.

15             THE COURT:  Thank you, Ms. Perez.  All

16   right.  Do either party want the jurors to be polled

17   individually?  The United States?

18             MS. FREISMUTH:  No, Your Honor.

19             THE COURT:  Mr. Einhorn?

20             MR. EINHORN:  Yes, Your Honor, please.

21             THE COURT:  Okay.  Ms. Perez, would you

22   poll the jury then.

23             THE CLERK:  Juror No. 1, is this your

24   verdict?

25             JUROR:  Yes.

1                    THE CLERK:  Juror 2, is this your

2   verdict?

3                    JUROR:  Yes.

4                    THE CLERK:  Juror 3, is this your

5   verdict?

6                    JUROR:  Yes.

7                    THE CLERK:  Juror 4, is this your

8   verdict?

9                    JUROR:  Yes.

10                   THE CLERK:  Juror No. 5, is this your

11   verdict.

12                   JUROR:  Yes.

13                   THE CLERK:  Juror 6, is this your

14   verdict?

15                   JUROR:  Yes.

16                   THE CLERK:  Juror 7, is this your

17   verdict?

18                   JUROR:  Yes.

19                   THE CLERK:  Juror No. 8, is this your

20   verdict?

21                   JUROR:  Yes.

22                   THE CLERK:  Juror No. 9, is this your

23   verdict?

24                   JUROR:  Yes.

25                   THE CLERK:  Juror 10, is this your

```
 1    verdict?

 2              JUROR:  Yes.

 3              THE CLERK:  Juror 11, is this your

 4    verdict?

 5              JUROR:  Yes.

 6              THE CLERK:  And Juror 12, is this your

 7    verdict?

 8              JUROR:  Yes.

 9              THE COURT:  Thank you.  All right. Thank

10    you very much.

11              Mr. Brown, I assume -- the jury has

12    already been polled.  I assume you don't need --

13              MR. BROWN:  We don't have to poll it

14    twice, Your Honor.

15              THE COURT:  Yes.  Thank you.

16              All right.  At this time, ladies and

17    gentlemen, your service as jurors has been

18    completed.  I thank you very, very much for your

19    time and attention in this matter.  As I said at the

20    outset, justice could not be done without your work.

21    You're a critical part of the American justice

22    system and I appreciate you all being here.  You are

23    now dismissed.  I think Ms. Perez will take you back

24    in the room, but thank you very, very much.

25              (Jury exited the courtroom.)
```

```
 1                    THE COURT:  All right.  Please be

 2    seated.  All right.  Just a couple of things.  First

 3    on the forfeiture issue.  As I understand it, the

 4    parties will figure out a way to work that out

 5    either by stipulation or some manner that does not

 6    require the jury.  Correct?

 7                    MR. EINHORN:  Yes, Your Honor.

 8                    THE COURT:  I just wanted to confirm

 9    that that's my understanding.

10                    All right. Yes, Mr. Einhorn?

11                    MR. EINHORN:  Your Honor, we'd like to

12    renew our Rule 29 motion as to Counts Nine and

13    Thirteen.

14                    THE COURT:  And I assume Mr. Brown wants

15    to renew his motion as well.

16                    MR. BROWN:  That is correct.

17                    THE COURT: Let me do this.  Now having

18    had a verdict, do the parties wish to have some time

19    in terms of briefing?  Do you want to submit some

20    briefing on the issue or -- I mean, think about it.

21    I mean, I'm not going to rule today, so if the

22    parties want -- if you want to have some time to

23    have some follow-up briefing to clarify, I'm happy

24    to do that.  Whatever you want to submit, I'm happy

25    to consider that.
```

```
 1                    MR. EINHORN:  I would take the Court up
 2      on that.
 3                    THE COURT:  So why then don't you all
 4      figure out how much time you want.  I will do this.
 5      I will give you at least two weeks, and then, if you
 6      want more than that, let me know sooner rather than
 7      later.
 8                    MR. EINHORN:  My plan would be to have
 9      it done within a week.
10                    THE COURT:  That's fine.
11                    Mr. Brown, any additional time?
12                    MR. BROWN:  No, Your Honor.  Two weeks
13      should do it.
14                    THE COURT:  Okay.
15                    MS. FREISMUTH:  Your Honor, we would
16      like a week to respond to their motion.
17                    THE COURT: Sure.  So whenever the Rule
18      29 motions are filed, it will be a week until -- for
19      response.  Do you want to reply to whatever they
20      file?
21                    MR. EINHORN:  Yes, Your Honor.
22                    THE COURT:  Do you want a week after?
23                    MR. EINHORN:  Yes, please.
24                    THE COURT:  Okay.  All right. So as
25      recently as two weeks, which will be -- you, Mr.
```

```
 1    Einhorn, may file it sooner, but hang on a second.
 2    All right. Today is the 28th.  Why don't I do this.
 3    I will make it due the 15th of October.  If you want
 4    to earlier you -- file it earlier, that's fine.  And
 5    then the government's then will be due the 22nd, and
 6    any replies would be due the 29th.  15th, 22nd, and
 7    29th.  All right. Yes.
 8              MS. FREISMUTH:  Just for clarification,
 9    Your Honor, it's the government's understanding from
10    the proposed scheduling order that our brief -- our
11    response is due the 22nd regardless of the date that
12    the --
13              THE COURT:  I suppose -- just let me
14    inquire one thing.
15              MS. FREISMUTH:  Because we would want to
16    respond.
17              THE COURT:  I just wanted to confirm one
18    thing, because I think, Mr. Brown, Mr. Einhorn said
19    he might file it earlier.  Mr. Brown, if I set this
20    -- do you anticipate filing something earlier than
21    the 15th?
22              MR. BROWN:   I might, Your Honor.  I'm
23    not going to dillydally about it.
24              THE COURT:  Let me do this.  We'll put a
25    seven-day trigger, and if you need more time we can
```

1    figure that out.

2              MS. FREISMUTH:  Yes, Your Honor.

3              THE COURT:  All right. Yes?  Mr. Brown,

4    anything further?

5              MR. BROWN:  Yes, Your Honor.  There a

6    matter of bond, Your Honor.

7              THE COURT:  I don't -- unless there is

8    something that I'm unaware of, I'm assuming that the

9    Court is prepared to continue to have Ms. Sarcia

10   released on the continued bond pending sentencing.

11             Does the United States have any

12   opposition to that?

13             MS. FREISMUTH:  Your Honor, we will note

14   for the record that it is a mandatory minimum case.

15   We also do have concerns about some of the

16   communications that were Ms. Sarcia's use of

17   Facebook and other sites of social media during her

18   pretrial release, violations of the conditions of

19   her release.  She did reach out to witnesses in the

20   case.  So we do have concerns about her continued

21   release.

22             THE COURT:  Okay.  All right. This is

23   what I'm going to do.  I'm going to extend it for

24   now.  If you want to have some kind of proceeding,

25   if there is some new concern that arises, obviously

1    I will reconsider it, but for now I will allow her

2    to continue on the conditions of bond.

3         MS. FREISMUTH:  I'd just ask you to make

4    a clear admonishment by the Court she is not to

5    reach out to anybody involved in the case.

6         THE COURT:  Yes.

7         MR. BROWN:  I will note for the record

8    that I have explained that to her and she has given

9    me her assurance she'll comply with all court

10   orders.

11        THE COURT:  Thank you.  And just to

12   reiterate, certainly, Ms. Sarcia, obviously now, you

13   know, the issues are -- it's very, very serious, and

14   so your pending -- your continued liberty is

15   certainly at stake if you do anything to jeopardize

16   the current conditions of your release.

17        All right.  Is there anything else I

18   need to take up at this time?  From the United

19   States?

20        MS. FREISMUTH:  No, Your Honor.  Thank

21   you.

22        THE COURT: Mr. Einhorn?

23        MR. EINHORN:  No, Your Honor.

24        THE COURT:  Mr. Brown?

25        MR. BROWN:  No, Your Honor.

1              THE COURT:  All right.  Well, thank you

2    all very much.  And you all take care.

3              (Proceeding concluded 4:09 p.m.)

1

2          I certify that the foregoing is a correct

3    transcript from the record of proceedings in the

4    above-entitled matter.

5

6                              1/5/22

7                              Date

8

9              /S/   Sharon Montini

10                Official Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25